**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELEVTERIO GOMEZ GODINEZ,<br>Petitioner,<br>v.<br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br>Respondent. | Case No. 5:26-cv-03961-WLH-ACCV<br>**ORDER DENYING PETITION AS MOOT** |

On July 14, 2026, Petitioner Elevterio Gomez Godinez ("Petitioner")[1], who was detained by United States Immigration and Customs Enforcement ("ICE") shortly after sustaining a conviction for Felony Rape of Unconscious Victim in violation of California Penal Code § 261 (A)(4), filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") alleging his detention at the Adelanto ICE Processing Center was violation of the Due Process Clause of the Fifth Amendment. (Dkt. 1 at 1, 6.) Petitioner's claims were conclusory and vague, and unsupported by a statement of specific facts. (*Id*. at 1-20.) On July 14, 2026, Petitioner also filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") and Memorandum of Law in Support of a Temporary Restraining Order. (Dkts. 2, 3.)

---

[1] It appears that the correct spelling of Petitioner's name is Eleuterio Gomez Godinez based on records provided by Respondent. (Dkts. 9-1, 9-2, 9-3.)

On July 23, 2026, Respondent filed Respondent's Answer to Habeas Petition Under § 2241. (Dkt. 9.) Respondent argued: (1) Petitioner failed to plead any factual basis for granting relief, (2) Petitioner was lawfully detained pending removal proceedings, and (3) Petitioner failed to name the proper respondent and as a result, the Court lacks jurisdiction. (*Id.*)

On July 24, 2026, the Court denied the TRO without prejudice finding that Petitioner's declarations is support of the Petition, even when read in conjunction with the Petition, failed to establish facts warranting any relief. (Dkt. 10 at 1.)

Petitioner's reply was due on August 6, 2026; Petitioner has yet to file a reply.

On August 25, 2026, Respondent filed Respondent's Notice of Intended Removal. (Dkt. 12.) Respondent gave notice that Respondent intended to remove Petitioner, a citizen of Mexico, in two court days or shortly thereafter, to Mexico in accordance with Petitioner's final removal order dated August 19, 2026. (*Id.* at 2.)

On September 9, 2026, Magistrate Judge Viramontes issued a text entry requesting an update as to Petitioner's whereabouts. (Dkt. 13.) On September 11, 2026, Respondent filed Respondent's Status Report; Suggestion of Mootness [Dkt. No. 13], confirming that Petitioner was removed to Mexico on August 31, 2026, and suggesting that this matter is now moot accordingly. (Dkt. 14 at 2.)

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id*. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot grant 'any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed.

2d 453 (1996) (citation omitted).

As a result of Petitioner's removal to Mexico on August 31, 2026, he is no longer subject to immigration detention or any other condition from which the Court can grant relief. Because no further relief can be given to Petitioner by the Court, the Petition is moot and must be dismissed for lack of jurisdiction. *See Calderon*, 518 U.S. at 150; *Ruvalcaba*, 167 F.3d at 521.

For the reasons discussed above, it is ORDERED that the Petition is denied as moot, and the Clerk is directed to enter Judgment accordingly.

DATED: September 29, 2026

HON. WESLEY L. HSU
United States District Judge

Presented by:

ANGELA C. C. VIRAMONTES
United States Magistrate Judge